IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

LOUIS VASSALLO

Plaintiff,

v.

THE PARK AT ANZIO and
BLUE ROCK PREMIER, LLC
d/b/a BLUE ROC PREMIER, LLC

Defendants.

_____/

## COMPLAINT

Plaintiff, LOUIS VASSALLO, ("Plaintiff"), by and through his undersigned counsel, and sues the Defendants, THE PARK AT ANZIO and BLUE ROCK PREMIER, LLC d/b/a BLUE ROC PREMIER, LLC (hereinafter referred to as "BLUE ROC PREMIER, LLC") ("Defendants"), and states the following:

### JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604 and 42 U.S.C. § 3617, because this lawsuit was brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

2. Venue is proper in the Middle District of Florida, Jacksonville Division, under 28 U.S.C. §1391(b) because the claim arose in this judicial district.

3. Plaintiff LOUIS VASSALLO currently resides in Jacksonville, Florida and is otherwise *sui juris.*

4. Plaintiff LOUIS VASSALO was at all times material, and continues to be a person with a disability, as defined by 42 U.S.C. § 3602, as he suffers severe physical ailments in his hips, knees, ankle, and toe. As a result of these ailments, he has substantial limitations in his mobility and suffers immense pain from even the small amounts of movement.

5. In addition, Plaintiff LOUIS VASSALLO is substantially limited in a major life activity of walking solely by virtue of the substantial impairment to his natural mobility and therefore suffers from disability as defined by law.

6. These conditions substantially affect the living activities of Mr. VASSALLO, including, but not limited to significantly impairing his mobility.

7. The Defendant, THE PARK AT ANZIO is an apartment complex owned by BLUE ROC PREMIER, LLC out of Tampa, a Florida Corporation, licensed to and doing business in Jacksonville, Florida.

8. The Defendant, BLUE ROC PREMIER, LLC, is a Florida property management company, licensed to and doing business in Jacksonville Florida and owns and operates an apartment complex, THE PARK AT ANZIO, at 4083 Sunbeam Rd., Jacksonville, Florida 32257.

9. Defendants are responsible for the discriminatory denial of accommodations to the Plaintiff LOUIS VASSALLO with actual knowledge or with reckless disregard of the illegality of such acts.

## GENERAL ALLEGATIONS

10. Blue Roc Premier, LLC owns and operates The Park at Anzio, an apartment complex of 350 units. Residents have a small area to park in with limited spots. There are a limited number of accessible spaces.

11. In December of 2020, Plaintiff moved into his current apartment at The Park at Anzio. Plaintiff immediately requested a proper handicap parking space because of his current disabilities.

12. After a few months Plaintiff was able to get a so-called handicap parking space. However, this space does not provide adequate room for entry and exit of a person in a wheelchair. It is simply a striped parking spot with a sign for handicapped parking.

13. For the past several months, Plaintiff has continuously been requesting a legally compliant spot so that he may have surgery to help with his physical ailments. After his surgery, Plaintiff will be using a wheelchair for mobility. He requires a parking space that will allow him ingress and egress from his car onto an unobstructed path of travel into and out of his dwelling unit.

14. Although the request has been accepted, no progress has been made. Only empty promises from The Park at Anzio that Plaintiff will get his legally compliant handicap parking space.

15. As a result of these delays Plaintiff has had to postpone surgery multiple times. These postponements have only further exacerbated the ailments Plaintiff has been suffering from.

16. Recently, The Park at Anzio began repaving their parking lot. However, The Park at Anzio has been unclear as to whether they will be modifying Plaintiff's spot or adding any other additional handicap parking spots. On October 19, 2021, The Park at Anzio falsely told Plaintiff that the requested new striping had been completed.

17. In addition to continually failing to provide adequate parking, The Park at Anzio refused to renew Plaintiff's lease even though he has been in the complex for four years, made timely payments, and has presented no trouble for the complex. The only new factor is that Plaintiff has been requesting a legally compliant handicap parking spot; his right under the Fair Housing Act.

18. As a result of this discrimination and retaliation, LOUIS VASSALLO has restricted his activities and chooses not to leave his home when he would otherwise have enjoyed his day-to-day activities.

19. As a result of this harassment, retaliation and discrimination, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

## COUNT 1 – FAILURE TO MAKE REASONABLE ACCOMMODATIONS FOR A PERSON WITH A DISABILITY

**(42 U.S.C. § 3604(f)(3), § 760.23(8), Fla. Stat.)**

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above as though set forth herein.

21. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

22. A closer, fully accessible parking spot for a person with a mobility impairment is the regulatory example of a reasonable accommodation under the Fair Housing Act. 24 C.F.R. § 100.204 – example 2.

23. Defendants' failure to provide a fully accessible handicap parking spot pursuant to the request of Plaintiff LOUIS VASSALLO to accommodate the disability of LOUIS VASSALLO discriminatory and unlawful.

24. Such actions by Defendants were in total and reckless disregard of Plaintiff LOUIS VALLASO'S rights and indifferent to his medical conditions or needs.

25. As a result of this discrimination, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

## COUNT II – RETALIATION IN VIOLATION OF THE FAIR HOUSING ACT

### (42 U.S.C. § 3617, § 760.37, Fla. Stat.)

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

27. Defendants have engaged in numerous malicious acts with the intent to coerce, intimidate, retaliate, threaten, or interfere with the Plaintiff due to the fact that they chose to exercise and enjoyment of their rights under the Fair Housing Amendments Act, and the Florida Fair Housing Act.

28. These actions include, but are not limited to:

   a. Denying the Plaintiff LOUIS VASSALLO the full enjoyment and use of the available parking accommodations at his home;

   b. Purposely misleading LOUIS VASSALLO by stating they would accommodate him with a proper parking spot and never following through;

   c. Denying to renew LOUIS VASSALLO'S lease as retaliation for Plaintiff asserting his rights under the Fair Housing Act, as a person with disabilities;

   d. Intentionally failing to renew Plaintiff's lease to avoid having to provide a legally adequate parking space;

   e. Forcing Plaintiff LOUIS VASSALLO to relocate during a pandemic with affordable housing at all time low and prices sky rocketing;

29. Defendants' actions were intentional and in total and reckless disregard of Plaintiff's protected rights.

**WHEREFORE,** Plaintiff LOUIS VASSALLO demands judgment against Defendants, THE PARK AT ANZIO AND BLUE ROC PREMIER, LLC, to ensure that discrimination in violation of the Fair Housing Acts do not occur in the future, to enjoin Defendants from discriminating against Plaintiff herein, and preventing discrimination to other persons based upon disability in the future as follows:

    a.    That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities;

    b.    That the Court enjoin Defendants from discriminating against Plaintiff or any other person, because of their disability and immediately order the Defendants to provide a fully accessible handicap parking spot with adequate space for Plaintiff so he may enjoy ingress and egress from his home;

    c.    That the Court enjoin Defendant THE PARK AT ANZIO to establish objective policies and procedures to permit an accommodation for a person with a disability;

    d.    That the Court enjoin Defendant BLUE ROC PREMIER, LLC to ensure that each and every residential property managed by Defendant BLUE ROC PREMIER, LLC ensure that objective policies and procedures are available and enforced that permit an accommodation for a person with a disability;

      e.      An award of appropriate compensatory and punitive damages to Plaintiff LOUIS VASSALLO against Defendants to compensate him for his actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

      f.      That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiff's civil rights under law;

      g.      Order Defendants to provide a notice to all owners and tenants of THE PARK AT ANZIO of their rights under the Fair Housing Act, including their right to have accommodations or modifications if they have a disability;

      h.      Order Defendant BLUE ROC PREMIER, LLC to provide notices to all residents of all properties in which they manage of rights under the Fair Housing Act;

      i.      Order that the Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

      j.      Order that the Defendants shall maintain for inspection by Plaintiff and all other tenants or owners at its condominium offices, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

      k.      Find that Plaintiff is entitled to an award of attorney's fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

l.      And grant any other such relief as this Court deems just and equitable.

Dated: October 29, 2021      Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com